**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. **HARTFORD ACCIDENT AND INDEMNITY COMPANY,** | ) |
| 2. **HARTFORD CASUALTY INSURANCE COMPANY,** | ) |
| 3. **TWIN CITY FIRE INSURANCE COMPANY and** | ) |
| 4. **FIRST STATE INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **Case No. 09-CV-567-GKF-FHM** |
| **v.** | ) |
| | ) |
| 1. **GEORGE'S, INC.,** | ) |
| 2. **GEORGE'S FARMS, INC.,** | ) |
| 3. **EMPLOYER'S INSURANCE COMPANY OF WAUSAU f/k/a EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL COMPANY,** | ) |
| 4. **GRANITE STATE INSURANCE COMPANY,** | ) |
| 5. **NORTHERN INSURANCE COMPANY OF NEW YORK a/k/a MARYLAND CASUALTY COMPANY,** | ) |
| 6. **AMERISURE INSURANCE COMPANY a/k/a MICHIGAN MUTUAL INSURANCE COMPANY,** | ) |
| 7. **FIREMAN'S FUND INSURANCE COMPANY,** | ) |
| 8. **TIG INSURANCE COMPANY, SUCCESSOR-IN-INTEREST TO INTERNATIONAL INSURANCE COMPANY,** | ) |
| 9. **UNITED STATES FIRE INSURANCE COMPANY,** | ) |
| 10. **HOME INSURANCE COMPANY,** | ) |
| 11. **MAXUM  INDEMNITY COMPANY,** | ) |
| 12. **NATIONAL  UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,** | ) |
| 13. **CHUBB INDEMNITY INSURANCE COMPANY,** | ) |
| 14. **GREAT AMERICAN INSURANCE COMPANY a/k/a AMERICAN NATIONAL FIRE INSURANCE COMPANY,** | ) |
| 15. **ACE PROPERTY AND CASUALTY INSURANCE COMPANY f/k/a CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY,** | ) |
| | ) |

497807

**16. ST. PAUL SURPLUS LINES INSURANCE**    )
    **COMPANY,**    )
**17. ARCH SPECIALTY INSURANCE COMPANY,**    )
    **and**    )
**18. ARROWOOD INDEMNITY COMPANY f/k/a**    )
    **ROYAL INDEMNITY COMPANY,**    )
    **SUCCESSOR-IN-INTEREST TO ROYAL**    )
    **INSURANCE COMPANY,**    )
    )
                  **Defendants.**    )

---

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company, Twin City Fire Insurance Company and First State Insurance Company, for their complaint for declaratory judgment and other relief, allege as follows:

### PARTIES

1.    Plaintiff Hartford Accident and Indemnity Company ("Hartford Accident") is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

2.    Plaintiff Hartford Casualty Insurance Company ("Hartford Casualty") is an Indiana corporation with its principal place of business in Hartford, Connecticut.

3.    Plaintiff Twin City Fire Insurance Company ("Twin City") is an Indiana corporation with its principal place of business in Hartford, Connecticut.

4.    Plaintiff First State Insurance Company ("First State") is a Connecticut corporation with its principal place of business in Boston, Massachusetts.  Hartford Accident, Hartford Casualty, Twin City and First State are referred to together in this complaint as "Hartford."

5.      Defendant George's, Inc. is an Arkansas corporation with its principal place of business in Springdale, Arkansas.

6.      Defendant George's Farms, Inc. is an Arkansas corporation with its principal place of business in Springdale, Arkansas.  George's, Inc. and George's Farms, Inc. are referred to together in this complaint as "George's."

7.      Defendant Employer's Insurance Company of Wausau f/k/a Employers Insurance of Wausau, a Mutual Company ("Employer's") is a Wisconsin corporation with its principal place of business in Wausau, Wisconsin.

8.      Defendant Granite State Insurance Company ("Granite") is a Pennsylvania corporation with its principal place of business in New York, New York.

9.      Defendant Northern Insurance Company of New York a/k/a Maryland Casualty Company ("Northern") is a New York corporation with its principal place of business in Schaumberg, Illinois.

10.     Defendant Amerisure Insurance Company a/k/a Michigan Mutual Insurance Company ("Amerisure") is a Michigan corporation with its principal place of business in Farmington Hills, Michigan.

11.     Defendant Fireman's Fund Insurance Company ("Fireman's Fund") is a California corporation with its principal place of business in Novato, California.

12.     Defendant TIG Insurance Company, successor-in-interest to International Insurance Company ("TIG") is a California corporation with its principal place of business in Manchester, New Hampshire.

13.     Defendant United States Fire Insurance Company ("U.S. Fire") is a Delaware corporation with its principal place of business in Morristown, New Jersey.

14.     Defendant Home Insurance Company ("Home") is a New Hampshire corporation with its principal place of business in Manchester, New Hampshire.

15.     Defendant Maxum Indemnity Company ("Maxum") is a Delaware corporation with its principal place of business in Duluth, Georgia.

16.     Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") is a Pennsylvania corporation with its principal place of business in New York, New York.

17.     Defendant Chubb Indemnity Insurance Company ("Chubb") is a New York corporation with its principal place of business in Warren, New Jersey.

18.     Defendant Great American Insurance Company a/k/a American National Fire Insurance Company ("Great American") is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

19.     Defendant ACE Property and Casualty Insurance Company f/k/a CIGNA Property and Casualty Insurance Company ("ACE") is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.

20.     Defendant St. Paul Surplus Lines Insurance Company ("St. Paul") is a Delaware corporation with its principal place of business in St. Paul, Minnesota.

21.     Defendant Arch Specialty Insurance Company ("Arch") is a Nebraska corporation with its principal place of business in Jersey City, New Jersey.

22.     Defendant Arrowood Indemnity Company f/k/a Royal Indemnity Company, successor-in-interest to Royal Insurance Company ("Royal"), is a Delaware corporation with its principal place of business in Charlotte, North Carolina.

23.     Hartford Accident, Hartford Casualty, Twin City, First State, Employer's, Granite, Northern, Amerisure, Fireman's Fund, TIG, U.S. Fire, Home, Maxum, National Union, Chubb, Great American, ACE, St. Paul, Arch and Royal are referred to together in this complaint as the "Insurers."

## JURISDICTION AND VENUE

24.     This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different states.

25.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because the Defendants reside in the district and a substantial part of the events or omissions giving rise to the claim occurred in  the district.

26.     The Court has personal jurisdiction over Defendants because they reside in the district and otherwise maintain minimum contacts with the district such that assertion of personal jurisdiction does not offend traditional notions of fair play and substantial justice.

27.     This Court has the jurisdiction and power to grant the relief sought by Plaintiffs pursuant to 28 U.S.C. §§ 2201 and 2202.

## NATURE OF THE CASE

### The Underlying Action

28.     George's is in the business of food production, including poultry production.  The State of Oklahoma (the "State") has sued George's alleging that George's generation, sale, handling or distribution of poultry waste associated with the production of poultry has polluted the Illinois River  Watershed ("IRW").

29.     Specifically, on June 13, 2005, the State filed in this district a complaint against George's and other poultry producers styled *State of Oklahoma, ex rel. W.A. Drew Edmondson, in his capacity of Attorney General of the State of Oklahoma and Oklahoma Secretary of the Environment C. Miles Tolbert in his capacity as the Trustee for Natural Resources for the State of Oklahoma v. Tyson Foods, Inc., et al.*, Case No. 05-cv-00329-GFK-PJC (the "Underlying Action").  The Second Amended Complaint (the "Complaint"), as modified in rulings by the Court, is the pleading currently at issue in the Underlying Action.

30.     The Complaint alleges that George's and other "poultry integrator defendants" are responsible for causing damage to the IRW by improperly applying and disposing of poultry waste within the IRW.  The State seeks to hold George's and others liable under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et. seq.*, and Solid Waste Disposal Act, 42 U.S.C. § 6901, *et. seq.*, and asserts claims for state law nuisance, federal law nuisance, trespass, unjust enrichment, and violations of various Oklahoma statutes and administrative code provisions.

31.     By an order entered on July 22, 2009, the court dismissed all claims for monetary damages against George's and the other defendants in the Underlying  Action on the grounds that

the State had failed to join an indispensable party, the Cherokee Nation.  After July 22, 2009, the only claims remaining in the Underlying Action are for civil penalties and injunctive relief.

## The Policies

32.     Hartford Accident issued a primary general liability policy to George's for the policy period July 1, 1987, to August 31, 1988, Policy No. 38 UEN ME6390E, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

33.     Hartford Accident issued a primary general liability policy to George's for the policy period August 31, 1988, to August 31, 1989, Policy No. 38 UEN MD2110E, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

34.     Hartford Casualty issued a primary general liability policy to George's for the policy period August 31, 1998, to August 31, 1999, Policy No. 38 UEN GV9564, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

35.     Twin City issued an excess liability policy to George's for the policy period January 1, 1982, to January 1, 1983, Policy No. TXU 100019, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

36.     First State issued an excess liability policy to George's for the policy period January 1, 1986, to July 1, 1986, Policy No. UL000734, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

37.     First State issued an excess liability policy to George's for the policy period July 1, 1986, to July 1, 1987, policy no. UL000837, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.  The policies described in paragraphs 22 through 27 are referred to together in this complaint as the "Hartford Policies."

497807

38.     Upon information and belief, Defendant Employer's issued a general liability policy to George's for the policy period January 1, 1985, to June 8, 1985, Policy No. 6526-00-102249, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

39.     Upon information and belief, Defendant Granite State issued a general liability policy to George's for the policy period August 31, 1988, to August 31, 1990, Policy No. CDO 138-37-43-00, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

40.     Upon information and belief, Defendant Northern issued a general liability policy to George's for the policy period August 31, 1991, to August 31, 1992, Policy No. ECA 13985826, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

41.     Upon information and belief, Defendant Northern issued a general liability policy to George's for the policy period August 31, 1992, to August 31, 1993, Policy No. ECA 13985826, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

42.     Upon information and belief, Defendant Northern issued a general liability policy to George's for the policy period August 31, 1993, to August 31, 1994, Policy No. ECA 19904268, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

43.     Upon information and belief, Defendant Northern issued a general liability policy to George's for the policy period August 31, 1994, to August 31, 1995, Policy No. ECA

19904268, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

44.     Upon information and belief, Defendant Northern issued a general liability policy to George's for the policy period August 31, 1995, to August 31, 1996, Policy No. ECA 19904268, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

45.     Upon information and belief, Defendant Amerisure issued a general liability policy to George's for the policy period August 31, 1996, to August 31, 1998, Policy No. GL 128806000097 as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

46.     Upon information and belief, Defendant Fireman's Fund issued a general liability policy to George's for the policy period July 1, 1999, to July 1, 2000, Policy No. S54DXX80706538, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

47.     Upon information and belief, Defendant Fireman's Fund issued a general liability policy to George's for the policy period August 31, 2000, to August 31, 2001, Policy No. S54DXC80389578, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

48.     Upon information and belief, Defendant Fireman's Fund issued a general liability policy to George's for the policy period August 31, 2001, to August 31, 2002, Policy No. S74DXC80393835, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

49.    Upon information and belief, Defendant Fireman's Fund issued a general liability policy to George's for the policy period August 31, 2002, to August 31, 2003, Policy No. S54MXC80398612, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

50.    Upon information and belief, Defendant Fireman's Fund issued an umbrella liability policy to George's for the policy period August 31, 1999, to August 31, 2000, Policy No. XYZ00074871419, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

51.    Upon information and belief, Defendant Fireman's Fund issued an umbrella liability policy to George's for the policy period August 31, 2000, to August 31, 2001, Policy No. XYZ00096372933, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

52.    Upon information and belief, Defendant Fireman's Fund issued an umbrella liability policy to George's for the policy period August 31, 2001, to August 31, 2002, Policy No. XYZ00084762780, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

53.    Upon information and belief, Defendant Fireman's Fund issued an umbrella liability policy to George's for the policy period August 31, 2002, to August 31, 2003, Policy No. XYZ00075677856, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

54.     Upon information and belief, Defendant U.S. Fire issued a general liability policy to George's for the policy period January 1, 1985, to January 1, 1986, Policy No. 541005415, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

55.     Upon information and belief, Defendant U.S. Fire issued an umbrella liability policy for the policy period January 1, 1986, to January 1, 1987, Policy No. 523430217, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

56.     Upon information and belief, Defendant U.S. Fire issued an umbrella liability policy for the policy period June 23, 1987, to June 23, 1988, Policy No.500419904, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

57.     Upon information and belief, Defendant U.S. Fire issued an umbrella liability policy for the policy period August 31, 1989, to August 31, 1990, Policy No. 5235025293, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

58.     Upon information and belief, Defendant TIG issued a general liability policy for the policy period January 1, 1993, to January 1, 1984, Policy No. 522005690, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

59.     Upon information and belief, Defendant TIG issued an umbrella liability policy for the policy period August 31, 1990, to August 21, 1991, Policy No. XLB1301838, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

60.     Upon information and belief, Defendant TIG issued an umbrella liability policy for the policy period August 31, 1991, to August 21, 1992, Policy No. XLB1302384, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

61.    Upon information and belief, Defendant TIG issued an umbrella liability policy for the policy period August 31, 1992, to August 21, 1993, Policy No. XLB2796765, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

62.    Upon information and belief, Defendant Home issued a general liability policy to George's for the policy period August 31, 1990, to August 31, 1991, Policy No. GLR9097830, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

63.    Upon information and belief, Defendant Home issued an umbrella liability policy to George's for the policy period August 31, 1993, to August 31, 1994, Policy No. HUL1719270, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

64.    Upon information and belief, Defendant Maxum issued a general liability policy to George's for the policy period August 31, 2003, to August 31, 2004, Policy No. GLP6000055401, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

65.    Upon information and belief, Defendant National Union issued an umbrella liability policy to George's for the policy period July 25, 1984, to January 1, 1985, Policy No. BE1333750, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

66.    Upon information and belief, Defendant National Union issued an umbrella liability policy to George's for the policy period August 31, 1988, to August 31, 1989, Policy No. BE1333985, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

67.    Upon information and belief, Defendant Chubb issued an umbrella liability policy to George's for the policy period August 31, 1989, to August 31, 1990, Policy No. 9079085698, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

68.    Upon information and belief, Defendant Chubb issued an umbrella liability policy to George's for the policy period August 31, 1990, to August 31, 1991, Policy No. 9179085698, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

69.    Upon information and belief, Defendant Chubb issued an umbrella liability policy to George's for the policy period August 31, 1991, to August 31, 1992, Policy No. 9279085698, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

70.    Upon information and belief, Defendant Great American issued an umbrella liability policy to George's for the policy period August 31, 1994, to August 31, 1995, Policy No. TUU 903-65-07-00, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

71.    Upon information and belief, Defendant Great American issued an umbrella liability policy to George's for the policy period August 31, 1995, to August 31, 1996, Policy No. TUU 903-65-42-00, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

72.    Upon information and belief, Defendant Great American issued an umbrella liability policy to George's for the policy period August 31, 1996, to August 31, 1997, Policy No.

TUU 121-42-23-00, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

73.    Upon information and belief, Defendant Great American issued an umbrella liability policy to George's for the policy period August 31, 1997, to August 31, 1998, Policy No. TUU 121-42-68-00, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

74.    Upon information and belief, Defendant ACE issued an umbrella liability policy to George's for the policy period August 31, 1998, to August 31, 1999, Policy No. XUXG19503744, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

75.    Upon information and belief, Defendant St. Paul issued an umbrella liability policy to George's for the policy period August 31, 2003, to August 31, 2004, Policy No. QZ06806027, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

76.    Upon information and belief, Defendant Arch issued an umbrella liability policy to George's for the policy period August 31, 2003, to August 31, 2004, Policy No. 42UXP1422600, as to which George's asserts that it is entitled to coverage for the claims in the Underlying Action.

77.    Upon information and belief, Defendant Royal issued an umbrella liability policy to George's for the policy period August 31, 2003, to August 31, 2004, Policy No. P2HA022156, as to which George's asserts that it is entitled to coverage for the claims in the Underlying

Action.  All of the policies described in paragraphs 32 through 77 are referred to together in this complaint as the "Policies."

## Application of the Policies to the Poultry Waste Claims

78.    Upon information and belief, each of the Policies provides coverage only for "damages" that George's is legally obligated to pay because of "bodily injury" or "property damage" that takes place during the policy period and is caused by an "occurrence," and such coverage is subject to the terms, conditions, limitations and exclusions, including pollution exclusions, contained in the Policies.

79.    Subject to full reservations of rights and pursuant to a Defense Cost-Sharing Agreement with George's, Hartford Accident, Hartford Casualty, Employer's, Granite State, Northern, Amerisure, and Fireman's Fund have provided and are continuing to provide a defense to George's in the Underlying Action.  The causes of action and relief sought in this complaint do not arise out of the Defense Cost-Sharing Agreement, from which any party can withdraw upon fifteen (15) days notice to the other parties.

80.    U.S. Fire, Maxum, TIG and Home have declined to defend George's against the Underlying Action.

81.    An actual controversy exists between the Insurers and George's concerning whether the Insurers are obligated under the Policies to defend and indemnify George's in connection with Underlying Action.

## COUNT ONE—DECLARATORY JUDGMENT

82.    Plaintiffs incorporate by reference the allegations of all foregoing paragraphs of this complaint.

83.     An actual controversy exists between George's and the Insurers concerning whether the claims in the Underlying Action involve an "occurrence," as that term is defined in the Policies.

84.     An actual controversy exists between George's and the Insurers concerning whether coverage for the claims in the Underlying Action is barred by the pollution exclusions contained in those Policies.

85.     An actual controversy exists between George's and the Insurers concerning whether the Underlying Action seeks "damages," as that term is used in the Policies.

86.     In the event that covered "damages" are determined to be sought in the Underlying Action, an actual controversy will exist between George's and the Insurers as to the allocation of such "damages" among the Insurers, other insurers and George's.

87.     An actual controversy exists between George's and the Insurers concerning the application of other terms, conditions, limitations and exclusions contained in the Policies to the claims asserted in the Underlying Action.

## PRAYER FOR RELIEF

WHEREFORE, Hartford requests the following relief:

a.  A declaration that the claims asserted in the Underlying Action do not involve an "occurrence" as that term is defined in the Hartford Policies;

b.  A declaration that the claims  asserted in the Underlying Action are barred by the pollution exclusions contained in the Hartford Policies;

c.  A declaration that the Underlying Action does not seek "damages" as that term is used in the Hartford Policies;

d.  A declaration that the Hartford Policies potentially provide coverage only for property damage that takes place during the policy period;

e.  A declaration of other terms, conditions, limitations and exclusions contained in the Hartford Policies apply to the claims asserted in the Underlying Action;

f.  A declaration that, under the Hartford Policies, Hartford has no duty to defend George's against the claims asserted in the Underlying Action;

g.  A declaration that, under the Hartford Policies, Hartford has no duty to indemnify George's against the claims asserted in the Underlying Action;

h.  Should it be determined that Hartford is obligated to indemnify George's for some or all of the claims asserted in the Underlying Action and Hartford pays more than its proportionate share of indemnity, a declaration that Hartford is entitled to contribution from any Insurers paying less than their proportionate share of indemnity;

i.  Should it be determined that covered "damages" are sought in the Underlying Action for "property damage" that occurred during

periods of time outside the Hartford Policy periods, a declaration that defense and indemnity of George's concerning such "damages" be allocated to any Insurers providing coverage for said periods and/or to George's; and

j.    Such other and further relief as the Court deems just and equitable.

## COUNT TWO – EQUITABLE CONTRIBUTION AGAINST
## TIG, U.S. FIRE, HOME AND MAXUM

88.    Hartford incorporates by reference the allegations of all foregoing paragraphs of this complaint.

89.    TIG, U.S. Fire, Home and Maxum have refused to defend George's against the Underlying Action.

90.    If the Court were to determine that the Insurers have an obligation to defend George's against the Complaint, then Hartford will have paid more than its fair share of that defense because it will have paid a portion of the defense owed by TIG, U.S. Fire, Home and Maxum.

91.    Under the circumstances set forth in paragraph 90, equity requires that TIG, U.S. Fire, Home and Maxum pay to Hartford Accident and Hartford Casualty their fair share of the cost of the defense of George's in the Underlying Action.

## PRAYER FOR RELIEF

WHEREFORE, in the event the Court determines that the Insurers are obligated to defend George's against the Underlying Action, Hartford Accident and Hartford Casualty request:

497807

a.  Judgment against TIG, U.S. Fire, Home and Maxum in the amount
of their equitable shares of the sums paid by Hartford Accident and
Hartford Casualty to defend George's in the Underlying Action;
and

b.  Such other and further relief as the Court deems just and proper.

## COUNT THREE – EQUITABLE SUBROGATION AGAINST
## TIG, U.S. FIRE, HOME AND MAXUM

92.     Plaintiffs incorporate by reference the allegations of all foregoing paragraphs of
this complaint.

93.     In the event the Court determines that the Insurers are obligated to defend
George's against the Underlying Action, equity requires that TIG, U.S. Fire, Home and Maxum
make restitution to Hartford by reimbursing Hartford for their fair share of that defense.

## PRAYER FOR RELIEF

WHEREFORE, in the event the Court determines that the Insurers are obligated
to defend George's against the Underlying Action, Hartford Accident and Hartford Casualty
request:

a.  Judgment against TIG, U.S. Fire, Home and Maxum in the amount
of their equitable shares of the sums paid by Hartford Accident and
Hartford Casualty to defend George's in the Underlying Action;
and

b.  Such other and further relief as the Court deems just and proper.

## COUNT FOUR – UNJUST ENRICHMENT AGAINST
## TIG, U.S. FIRE, HOME AND MAXUM

94.     Plaintiffs incorporate by reference the allegations of all foregoing paragraphs of this Complaint.

95.     In the event the Court determines that the Insurers are obligated to defend George's against the Underlying Action, Hartford will have conferred a benefit on TIG, U.S. Fire, Home and Maxum.

96.     To permit TIG, U.S. Fire, Home and Maxum to retain this benefit would, under those circumstances, be inequitable.

## PRAYER FOR RELIEF

WHEREFORE, in the event the Court determines that the Insurers are obligated to defend George's against the Underlying Action, Hartford Accident and Hartford Casualty request:

  a.  Judgment against TIG, U.S. Fire, Home and Maxum in the amount of their equitable shares of the sums paid by Hartford Accident and Hartford Casualty to defend George's in the Underlying Action; and

  b.   Such other and further relief as the Court deems just and proper

## JURY DEMAND

Plaintiffs respectfully demand trial by jury for all issues so triable.

Respectfully submitted,

 /s/  Steven J. Adams
Steven J. Adams, OBA No. 142/Idaho Bar No. 7935
John D. Russell, OBA No. 13343
FELLERS, SNIDER, BLANKENSHIP, BAILEY &
TIPPENS, P.C.
The Kennedy Building
321 South Boston Ave., Suite 800
Tulsa, Oklahoma  74103-3318
Main Phone:  (918) 925-5835
Facsimile:  (918) 583-9659
*Attorneys for Plaintiffs, Hartford Accident and
Indemnity Company, Hartford Casualty Insurance
Company, Twin City Fire Insurance Company and
First State Insurance Company*

OF COUNSEL
Lee H. Ogburn, MD Federal Bar No. 00118
logburn@kg-law.com
John J. Kuchno, MD Federal Bar No. 04211
jkuchno@kg-law.com
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202
Main Phone:  (410) 752-6030
Facsimile:  (410) 539-1269

497807